UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEREC ZOLTAN,[1]                        )
                                        )    2004 JUN 30  P 2:55
              Petitioner                )
                                        )
         v.                             )         Civil Action No.
                                        )         04cv11174-RWZ
I.N.S.,                                 )
                                        )
              Respondent                )

RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Because the petition challenges only the detention of petitioner, and because petitioner was released from respondent's[2] custody on June 14, 2004, see Attachment A, Alien Booking Record, and Custody Summary printout, the relief sought by petitioner has now come to pass -- his release from respondent's custody -- and the case should be dismissed for lack of subject matter jurisdiction as moot.

**ARGUMENT**

I.    PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when

---

[1] The records of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, show that the petitioner's true name is Zoltan BEREC, and not as captioned above.
[2] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Director for Detention and

the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- has now been effected by petitioner's release from custody on June 14, 2004, see Attachment A, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

### CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

_____

Removal, Bureau of Immigration and Customs Enforcement ("ICE") in

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

Boston, Massachusetts.

**ATTACHMENT A**

**ALIEN BOOKING RECORD**
UNITED STATES DEPARTMENT OF JUSTICE — Immigration & Naturalization Service

FORM I-385   '11-15-77'

| Field | Value |
|---|---|
| 1. FAMILY NAME (Capital Letters) | BEREG |
| First Name | Zoltan |
| Middle Name | |
| 2. Age | 49 |
| 3. Country of Citizenship | Slovakia |
| 4. Alias | |
| 7. Birth Date | 10/26/53 |
| 8. Birth Place | Slovakia |
| 5. Date Apprehended | 7/8/03 |
| 6. Office | IBOS |
| 9. SEX | ☑ Male ☐ Female |
| 10. DEC/WA Served | ☐ Yes ☐ No (Explain) |
| 11. File Number | 24 632 922 |
| 12. Bond $ | |
| Date Posted | |
| 13. CINS | ☐ Yes ☐ No |
| 14. Medical Alert | ☐ Yes ☐ No (Explain) |
| 14A. | |
| P H (O P | |
| 25. TRANSFER DATE | FROM | TO |
| A. 7/8/02 | Bristol | Bristol |
| B. 9/3/3 | South Bay | ORDER OF SUPERVISION—STREET |
| C. 6/4/04 | Plymouth | R.O.S |
| 16. ADMITTED BY: Harrison | 19. RELEASED TO: ☐ VR ☐ DEPORT ☑ ORDER OF SUPERVISION STREET | 21. Rt Index Print—IN   22. Rt Index Print—OUT |
| 17. SEARCHED IN BY: 100 045 | 20. RELEASED BY: STEA HARRISON | 23. Rt Index Print—IN  23. Rt Index Print—OUT |
| 18. DATE ADMITTED: 7/8/03 | 21. DATE RELEASED: 06-14-04 | |
| 24. REMARKS  Class 3 | | |

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on June 30, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114